IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60552

TIKIZ FRANCHISING, LLC,
a Florida limited liability company

      Plaintiff,

v.

ERIC PIDDINGTON,
an individual,

      Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, ERIC PIDDINGTON ("Piddington"), by and through undersigned counsel, answers the Complaint filed against him by Plaintiff, TIKIZ FRANCHISING, LLC's ("Plaintiff"), as follows:

1. Piddington is without knowledge and therefore denies same.

2. Admitted.

3. The allegations of paragraph 3 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 3 conflict with the written document, those allegations are denied.

6. Denied.[1]

7. Admitted that this Court has jurisdiction over this matter but denied that Plaintiff is entitled to any relief whatsoever.

---

[1] The Complaint is missing paragraphs 4 and 5.

8. The allegations of paragraph 8 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 8 conflict with the written document, those allegations are denied.

9. Denied.

10. Admitted.

11. Admitted.

12. The allegations of paragraph 12 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 12 conflict with the written document, those allegations are denied.

13. The allegations of paragraph 13 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 13 conflict with the written document, those allegations are denied.

14. Admitted.

15. Piddington admits the first sentence of paragraph 15. Piddington denies the remaining allegations of paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. The allegations of paragraph 19 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 19 conflict with the written document, those allegations are denied.

20. Denied.

21. Denied.

22. The allegations of paragraph 22 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 22 conflict with the written document, those allegations are denied.

23. Piddington is without knowledge as to the first sentence of paragraph 23 and therefore denies same. The allegations of the second sentence of paragraph 23 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of the second sentence of paragraph 23 conflict with the written document, those allegations are denied.

## COUNT I
## BREACH OF CONTRACT

24. Piddington re-alleges and re-avers his previous responses in paragraphs 1 through 23 above, as if those responses were fully set forth herein.

25. The allegations of paragraph 25 call for a legal conclusion and no response is required of Piddington. To the extent an answer is required, Piddington denies the allegations of paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT II
## BREACH OF CONTRACT

30. Piddington re-alleges and re-avers his previous responses in paragraphs 1 through 23 above, as if those responses were fully set forth herein.

31. The allegations of paragraph 31 call for a legal conclusion and no response is required of Piddington. To the extent an answer is required, Piddington denies the allegations of paragraph 31.

32. Denied.

33. Denied.

34. Denied.

## COUNT III
## DECLARATORY JUDGMENT

35. Piddington re-alleges and re-avers his previous responses in paragraphs 1 through 23 above, as if those responses were fully set forth herein.

36. Denied.

37. The allegations of paragraph 37 refer to a written document, the terms of which speak for themselves. To the extent that the allegations of paragraph 37 conflict with the written document, those allegations are denied.

38. Denied.

39. The allegations of paragraph 39 call for a legal conclusion and no response is required of Piddington. To the extent an answer is required, Piddington denies the allegations of paragraph 39.

40. Denied.

All of the allegations of the Amended Complaint not specifically admitted above are denied, and Piddington demands strict proof thereof.

## WHEREFORE CLAUSES

As for the "Wherefore" clauses following paragraphs 29, 34, 40 of the Complaint, Piddington admits that Plaintiff attempts to seek certain remedies but denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant Eric Piddington respectfully requests that this Court enter a judgment denying the relief requested by Plaintiff, dismissing Plaintiff's Complaint with prejudice, enter judgment in favor of Piddington, award Piddington his attorney's fees and costs as provided under the Franchise Agreements, and grant such other and further relief as this Court deems just and appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported count asserted therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Piddington.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was the cause of any breach of contract and is therefore estopped from seeking damages for breach of contract.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff has been harmed in any way, which Piddington denies, such harm was suffered as a result of Plaintiff's own actions or the actions of other third parties. Accordingly, Piddington is entitled to a reduction or set off as to any award against him.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any relief asserted in the Complaint based upon the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as they are contradicted by the express terms of the Franchise Agreements.

**SIXTH AFFIRMATIVE DEFENSE**

Recovery of certain damages alleged to have been sustained by Plaintiff were the result of avoidable consequences and/or Plaintiff's own contributory or comparative negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The terms of the written document(s) conflict with the allegations of the Complaint, rendering the allegations a nullity.

**NINETH AFFIRMATIVE DEFENSE**

Without in any way waiving or shifting the burden of proof on any element of the cause of action, Piddington asserts that his alleged acts were privileged and justified.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has not and cannot satisfy the prima facie elements as to each count of the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff waived any alleged breach of contract because it had actual or imputed knowledge of the alleged actions by Piddington and acquiesced thereto.

**TWELTFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for breach of contract are barred by the doctrine of commercial impossibility of performance.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract are barred by the doctrine of commercial frustration of performance.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as it violated the duty of good faith and fair dealing.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts I and II are barred as they are against public policy.

Piddington will rely on all defenses available to it at the time of trial of this matter and reserves the right to amend his affirmative defenses and/or serve additional and/or supplemental affirmative defenses that may become available as discovery and/or investigation proceeds in this matter.

WHEREFORE, Defendant, ERIC PIDDINGTON, respectfully requests this Court enter a judgment denying the relief requested by Plaintiff, dismissing Plaintiff's Complaint with prejudice, enter judgment in favor of Piddington, award Piddington his attorney's fees and costs as provided under the Franchise Agreements, and grant such other and further relief as this Court deems just and appropriate.

    Respectfully Submitted,

**CHANE LAW FIRM, P.A.**
515 North Flagler Drive, Suite P-300
West Palm Beach, Florida  33401
Telephone:(561) 308-9552
Facsimile: (561) 708-6616
E-mail:     jchane@chanelawfirm.com
E-Mail:     e-service@chanelawfirm.com

By:/s/ Jonathan C. Chane_____
   JONATHAN C. CHANE, ESQ.
   Florida Bar No.  0125581
   Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 18, 2017, the foregoing document was filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of the Notice of Electronic Filing generated by CM/ECF or by e-mail.

                                                     By: /s/ Jonathan C. Chane
                                                         JONATHAN C. CHANE

## Service List

## TIKIZ FRANCHISING, LLC v. ERIC PIDDINGTON

United States District Court, Southern District of Florida

**Robert M. Einhorn, Esq.**
**reinhorn@zarcolaw.com**
ZARCO EINHORN SALKOWSKI & BRITO
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: 305-374-5418
Facsimile: 305-374-5428
Attorney for Plaintiff

**Kaari Gagnon, Esq.**
**kgagnon@zarcolaw.com**
ZARCO EINHORN SALKOWSKI & BRITO
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: 305-374-5418
Facsimile: 305-374-5428
Attorney for Plaintiff

**Jonathan C. Chane, Esq.**
**jchane@chanelawfirm.com**
CHANE LAW FIRM
515 N. Flagler Drive
Suite P-300
West Palm Beach, Florida 33401
Telephone: 561-308-9552
Facsimile: 561-708-6616
Attorney for Defendant